IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JORDAN K. KEEFE,<br><br>Plaintiff,<br><br>vs.<br><br>NAOMI LIEZE, SANDERS COUNTY ATTORNEY; SANDERS COUNTY SHERIFF'S OFFICE; THOMPSON FALLS POLICE DEPARTMENT; DOUG DRYDEN, SANDERS COUNTY JUSTICE OF THE PEACE,<br><br>Defendants. | Cause No. CV 22-35-M-DLC<br><br>ORDER |

Plaintiff Jordan K. Keefe filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Liberally construed, Mr. Keefe alleges the Defendants, various Sanders County entities and officials, have violated his First Amendment right to freedom of speech, have harassed him and committed entrapment in violation of the Fifth Amendment, and have maliciously prosecuted him in violation of his Fourteenth Amendment right to due process. *Id*. at 3-5; see also, (Doc. 1-1.)

Mr. Keefe has filed various motions for acquittal, transfer, and appeal which have been denied. See e.g., (Docs. 6, 7, 8, 10, 11.) The Court explained the basis for denial. See generally, (Docs 8 & 11.)

1

The Court also explained to Mr. Keefe that if he elected not to pay the filing fee, he needed to submit a motion to proceed in forma pauperis, accompanied by a copy of his inmate account statement. Mr. Keefe was advised that his failure to do so would result in dismissal of this matter under Rule 41(b) for failure to prosecute. See e.g., (Docs. 4, 8, 11, and 13.) After being provided multiple extensions of time to file his motion to proceed in forma pauperis, he complied. (Doc. 12.) Mr. Keefe, however, still has not filed his account statement. On June 8, 2022, Mr. Keefe was provided one final opportunity to do so and was given 21 days. (Doc. 13.)

Mr. Keefe still has not filed an account statement. Instead, Mr. Keefe has filed various documents that are non-responsive to this Court's order. See e.g., (Docs. 20, 21, and 22.) Additionally, Mr. Keefe has filed another "motion for full acquittal," (Doc. 16), motions for subpoenas, (Docs. 17 & 23), and a motion to transfer his custody from the Montana State Prison to the Department of Health and Human Services. (Doc. 18.) It now appears that Mr. Keefe now seeks to raise claims against various medical and correctional officials at the Montana State Prison for inadequate medical treatment and other issues. See e.g., (Doc. 20 at 2-4); see also, (Docs. 21 & 22.)

Mr. Keefe is advised again that this federal court, as a court of original jurisdiction, does not serve as an appellate tribunal to review errors allegedly

committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, this Court has no ability to acquit Mr. Keefe of his existing state conviction/revocation or order his transfer to another state facility. It appears that Mr. Keefe has a direct appeal pending before the Montana Supreme Court in which he is represented by counsel. See, (Doc. 21-1 at 1-2.) Thus, any challenges he seeks to raise regarding the validity of his present conviction or the sentence imposed should be addressed in that proceeding.

This matter will be dismissed based upon Mr. Keefe's repeated failures to comply with this Court's orders. Should Mr. Keefe wish to challenge the present conditions of his confinement at Montana State Prison, he may file a new civil rights complaint.

Accordingly, IT IS HEREBY ORDERED:

### ORDER

1. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. Mr. Keefe's pending motions (Docs. 16, 17, 18, and 23) are **DENIED** as moot.

3.  The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 6th day of July, 2022.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge